**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OLEG DERIPASKA,<br><br>                    Plaintiff,<br><br>    v.<br><br>STEVEN T. MNUCHIN, Secretary of the UNITED STATES DEPARTMENT OF THE TREASURY, ANDREA M. GACKI, DIRECTOR OF THE OFFICE OF FOREIGN ASSESTS CONTROL,<br><br>                    Defendants. | Civil Action No. 19-cv-00727 (APM) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

Defendants Steven T. Mnuchin, in his official capacity as Secretary of the United States Department of the Treasury, and Andrea M. Gacki, in her official capacity as Director of Treasury's Office of Foreign Assets Control ("OFAC"), file this opposition to Plaintiff Oleg Deripaska's motion seeking leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d).  *See* Motion for Leave to File Supplemental Pleading and Memorandum in Support Thereof ("Mot. for Leave"), ECF No. 16.  Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  But here there is no "transaction, occurrence, or event" that has transpired since the date of Plaintiff's Amended Complaint that would justify granting leave. Instead, doing so will only result in unnecessary delay.

Deripaska's original complaint, filed in March of this year, included APA and constitutional challenges to OFAC's decision to designate him under Executive Order 13661 (for

having acted or purported to act for or on behalf of, directly or indirectly, a senior official of the Government of the Russian Federation) and Executive Order 13662 (for operating in the energy sector of the Russian Federation economy). *See generally* Compl., ECF No. 1. After Defendants voluntarily disclosed the administrative record supporting both designations in April, Deripaska filed an Amended Complaint in June dropping his challenge to his 13662 designation in favor of filing a petition for administrative reconsideration of this designation. *See* Am. Compl. ¶ 6, ECF No. 7. Now, he apparently has rethought his legal strategy and seeks leave to once again challenge the original grounds for his designation under 13662 in Counts I and II of his proposed supplemental complaint. *See* Proposed Supplemental Complaint, Counts I-II. Yet, no new facts or events have transpired since the filing of his Amended Complaint that provide any additional grounds for challenging his original designation, as would be required by Rule 15(d). *See United States v. Hicks*, 283 F.3d 380, 385-86 (D.C. Cir. 2002) (explaining that "the appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties"); *Fund for Animals v. Hall*, 246 F.R.D. 53, 54 (D.D.C 2007) (Rule 15(d) authorizes a court "to permit a party to serve a supplemental pleading setting forth events which have happened since the date of the original complaint"); *see also* Federal Practice and Procedure (Wright & Miller) 6A Fed. Prac. & Proc. § 1504 ("Rule 15(d) provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the filing of the pleading to be supplemented, thereby bringing the case up to date"). Accordingly, the Court should deny his request for leave with respect to Counts I and II of his proposed supplemental complaint.

Nor are there any grounds to permit Deripaska to file a supplemental complaint challenging OFAC's ongoing response to his delisting petition, as he seeks to do by including an unreasonable agency delay claim in Count III of his proposed supplemental complaint and a

constitutional due process claim in Count IV based on his specious charge that Defendants "have no intention of removing him from the OFAC SDN List, regardless of the merits of his delisting petition or any future petition he may put forward." *See* Proposed Supplemental Complaint, Counts III-IV.  Deripaska filed his request for administrative reconsideration of his 13662 designation on June 27, 2019.  Mot for Leave at 2.  While he contends that the agency has not and will not act on his delisting petition, just this past week, on November 13, OFAC sent a questionnaire to Deripaska seeking additional information relating to his potential operations in the energy sector of the Russian economy.  Deripaska has not yet responded to the questionnaire and OFAC therefore has not had a chance to consider whatever additional information Deripaska may present to the agency.  Permitting Deripaska to file a supplemental complaint regarding an ongoing agency process without the necessary facts before the Court would be highly inefficient.  The better course of action is to deny the motion for leave.  Deripaska will not be prejudiced by the denial because, in the event OFAC were to deny his request for administrative reconsideration, he will be able to challenge the denial in a separate litigation after a final agency decision exists and based on a complete administrative record.  In addition, if OFAC were to fail to act at all on his petition, he could bring an unreasonable agency delay claim as well.

On the other hand, Defendants will be prejudiced if the Court grants leave.  The parties have recently completed briefing on Defendants' motion to dismiss and the parties' cross-motions for summary judgment related to OFAC's 13661 designation (for Deripaska's actions in support of Vladimir Putin).  Granting leave for Deripaska to reintroduce legal challenges to his 13662 designation will necessitate a second round of briefing that would not have been necessary but for Deripaska's Amended Complaint abandoning these very claims.  He should not be able to second-guess his own litigation decisions without proper justification and introduce claims and arguments that will require an inefficient second round of briefing and that will only delay the Court's

resolution of his 13661 designation. Again, in the event OFAC denies his request for administrative reconsideration of his 13662 designation, he can file a separate lawsuit at that point in time based on a complete record. Doing so will fully protect Deripaska's right to challenge his 13662 designation without disrupting and unjustifiably delaying the current proceedings based on his own litigation tactics.

For the reasons set forth above, Defendants respectfully request that Plaintiff's motion for leave be denied.

Dated:  November 19, 2019                                Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DIANE KELLEHER
Assistant Director

 /s/ *Nicholas Cartier*
NICHOLAS CARTIER
Trial Attorney (DC Bar # 495850)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Tel:  (202) 616-8351
Fax:  (202) 616-8470
E-mail:  Nicholas.Cartier@usdoj.gov

*Counsel for Defendant*