# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OLEG DERIPASKA )<br><br>Plaintiff, )<br><br>v. )<br><br>STEVEN T. MNUCHIN, *et al.* )<br><br>Defendants. ) | Civil Action No. 19-0727 (APM) |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING

On November 5, 2019, Plaintiff Oleg Deripaska sought leave from this Court to file a supplemental pleading in this action. *See* Pl.'s Mot. for Leave to File Supplemental Pleading and Memorandum in Support Thereof ("Pl.'s Mot."), ECF No. 16. This motion arises from Defendants' failure to issue a decision or take any other responsive action with respect to Deripaska's delisting petition—which sought the rescission of his Executive Order ("E.O.") 13662 designation—and targets Defendants' conduct following institution of this action consistent with Fed. R. Civ. P. 15(d). For reasons described below, Defendants' opposition to this motion is without merit and this Court should grant Deripaska leave to file the supplemental pleading attached to the motion.

As this Court is aware, Deripaska instituted a civil complaint challenging Defendants' actions designating him under E.O. 13661 and E.O. 13662. *See* Compl., ECF No. 1. Following the filing of this lawsuit, Defendants provided Deripaska with a redacted version of the administrative record with respect to his designations under these authorities.[1] Despite the broad redactions to the

---

[1] Defendants argue that they "voluntarily disclosed the administrative record supporting both designations in April . . ." Def.'s Opp. at 2. This is misleading, however. In cases involving review

record disclosed to Deripaska, Defendants' findings and conclusions with respect to Deripaska's E.O. 13662 designation were fully disclosed.

After reviewing this record—and having full access to Defendants' findings and conclusions with respect to Deripaska's E.O. 13662 designation—Deripaska withdrew his claims with respect to his E.O. 13662 designation. He did so in a good-faith effort to pursue administrative reconsideration of that designation before Defendant United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"). Accordingly, on June 27, 2019, Deripaska filed a delisting petition with OFAC which presented arguments and evidence showing that his designation under E.O. 13662 was erroneous or, in the alternative, that there had been a change in circumstance negating the basis for his designation. Deripaska stated in that petition that if OFAC failed to act on his delisting petition within a reasonable time period, he would return to court to litigate the matter further.

For more than four months, Deripaska awaited a decision from OFAC or any other responsive action, including, for instance, a request for information or other substantive communication relevant to OFAC's consideration of his delisting petition. None was forthcoming. Deripaska has since realized that OFAC does not intend to seriously consider his delisting petition. Accordingly, Deripaska has returned to this Court to grant him relief by seeking leave to file a supplemental pleading. Deripaska's supplemental pleading challenges Defendants' unreasonable delay in processing his delisting petition, their failure to accord him constitutional due process via

---

of an agency action, LCvR 7(n) requires the parties to file an appendix with the Court containing those portions of the administrative record relied upon by the parties in any memorandum in support of or in opposition to a dispositive motion. Accordingly, Defendants were obliged as a matter of local rule to provide Deripaska with a copy of the administrative record underlying the challenged agency actions.

a hearing with respect to his E.O. 13662 designation, and the arbitrary and capricious nature of the designation itself. *See* Pl.'s Proposed Supplemental Complaint, ECF No. 16.

Deripaska's supplemental pleading is entirely appropriate. Fed. R. Civ. P. 15(d) states that, "[o]n motion and reasonable notice, the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Supplemental pleadings are thus proper where there are "new facts bearing on the relationship between the parties." *U.S. v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002). These "new facts" may perform a variety of permissible functions, including, for instance, updating the complaint and providing the basis for additional relief or setting forth new claims based on events that arose after the complaint at issue was filed. *Id*. at 386 (citing Federal Practice and Procedure (Wright & Miller) 6A Fed. Prac. & Proc. § 1504 at 177-83).

Courts are to use the broad discretion afforded by Fed. R. Civ. P. 15(d) liberally "in order to avoid 'needlessly remitt[ing] [plaintiffs] to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.'" *Scahill v. Dist. of Columbia*, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (quoting Fed. R. Civ. P. 15(d), Advisory Comm. Notes to 1963 Amendment). Accordingly, motions for leave to file a supplemental pleading should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006). It is generally the non-moving party's burden to demonstrate why the proposed supplemental pleading will cause prejudice to them. *See Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 88 (D.D.C. 2005).

Defendants fail to meet this burden in their opposition. *See* Def.'s Opp. to Pl.'s Mot. for Leave to File a Supplemental Compl. ("Def.'s Opp."), ECF No. 18. Although Defendants argue that they "will be prejudiced if the Court grants leave" to Deripaska to file a supplemental pleading, they point solely to the necessity of engaging in a "second round of briefing," which they argue would be "inefficient" and "only delay the Court's resolution of his 13661 designation." Def.'s Opp. at 3-4. Defendants, however, do not describe how any purported "delay" prejudices them, including what injury may be caused to them by such delay. Indeed, as Deripaska has previously noted, any delay caused by a supplemental pleading—including the need for additional briefing—is one that negatively affects him alone, as it is he that remains the subject of OFAC's designations while this action is pending. *See* Pl.'s Mot. at 5-6. Defendants do not identify any similar prejudicial injury that they would suffer as a result of the additional briefing.

Moreover, the alleged "prejudice" to Defendants caused by the proposed supplemental pleading is one that is largely unavoidable, regardless of the Court's disposition of this motion. Indeed, Deripaska sought to file a supplemental pleading in this matter to limit the prejudice caused to all parties by instituting a new action, as a supplemental pleading better "promote[s] the economic and speedy disposition of the entire controversy between the parties" than would two entirely separate actions. *Hall*, 437 F.3d at 101. If denied leave to file a supplemental pleading, Deripaska can institute a new action with the same pleading proposed to supplement this matter, which would require Defendants to engage in the same briefing for which they allege prejudice. This, however, would prove uneconomical for all parties, as Deripaska would need to institute a new action; the matter would need to be assigned to a new docket; and Defendants would need to defend two separate actions rather than one. As the Advisory Committee Notes to Fed. R. Civ. P. 15(d) state, one of the very purposes of the rule—and the courts' broad discretion to grant leave—

is "to avoid 'needlessly remit[ing] [plaintiffs] to the difficulties of commencing a new action.'"
*Scahill*, 909 F.3d at 1183 (quoting Fed. R. Civ. P. 15(d), Advisory Comm. Notes to 1963 Amendment). Denying Deripaska's motion for leave to file the supplemental pleading would lead to him commencing a new action, which would cause all the same "prejudice" to Defendants that they allege they would suffer in their opposition to the motion. For these reasons, Defendants have failed to show how the proposed supplemental pleading prejudices them in ways that merit denial of this motion.

Defendants also substantively challenge Deripaska's motion, contending that "there is no 'transaction, occurrence, or event' that has transpired since the date of [the] Amended Complaint that would justify granting leave." *See* Def.'s Opp. at 1. First, Defendants argue that Deripaska's motion for leave should be denied with respect to Counts I and II of the proposed supplemental pleading because—according to Defendants—"no new facts or events have transpired since the filing of his Amended Complaint that provide any additional grounds for challenging his original designation." Def's Opp. at 2. In making this argument, however, Defendants misconstrue Deripaska's proposed supplemental pleading and fail to take notice of the obvious "new facts or events" that have given rise to the legal claims set forth in the pleading.

Deripaska's proposed supplemental pleading rehearses the factual circumstances giving rise to his claims contained in that pleading. *See* Pl.'s Proposed Supplemental Pleading ¶¶ 2-5, 18-42. Specifically, the supplemental pleading alleges that—following the filing of his Amended Complaint—Deripaska submitted a delisting petition to OFAC seeking the rescission of his designation under E.O. 13662 and the removal of his name from OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List"). *Id.* ¶ 38. Deripaska's delisting petition contained a number of arguments as to why he does not meet the criteria for designation under

E.O. 13662 and therefore requested that OFAC act immediately on the petition. *Id*. ¶ 39-41. Over four months passed in which OFAC failed to issue a decision, indicate whether or when a decision may be forthcoming, or request any additional, clarifying, or corroborating information from Deripaska. As a result, Deripaska filed this instant motion seeking leave from the Court to submit a supplemental pleading challenging OFAC's actions, as OFAC's delisting process had clearly proven to be unavailing for Deripaska. *Id*.

These factual allegations post-date the filing of Deripaska's Amended Complaint, which is consistent with Fed. R. Civ. P. 15(d)'s command that a supplemental pleading "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Further, these new facts directly bear on the relationship between the parties. *Hicks*, 283 F.3d at 385. Specifically, OFAC's failure to render a decision on Deripaska's delisting request or otherwise process that petition gives rise to legal claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et al.*, and the Fifth Amendment of the U.S. Constitution and provides additional bases for relief to be granted. Deripaska has met his burden under Fed. R. Civ. P. 15(d) as the proposed supplemental pleading clearly sets out events occurring after the filing of the Amended Complaint that have a direct "bear[ing] on the relationship between the parties." *Id*.

Moreover, Counts I and II of the supplemental pleading expressly "re-allege[] and incorporate" the allegations contained in that pleading. *See* Pl.'s Proposed Supplemental Pleading ¶ 72, 75. If Deripaska's allegations are taken as true, then his substantive challenge to his E.O. 13662 designation follows as a direct result given that he has exhausted his administrative remedies and can only seek relief through the courts. For Defendants to urge this Court to deny Deripaska's request for leave with respect to Counts I and II is to effectively deny Deripaska any

opportunity to challenge his E.O. 13662 designation. That would not only be patently unjust but would also lead to an absurd outcome wherein Deripaska can only pose a substantive challenge to his E.O. 13662 designation through a delisting process that he has alleged is a sham with respect to that designation. Accordingly, Counts I and II of the proposed supplemental pleading follow directly from Deripaska's allegations that OFAC has acted with unreasonable delay and are therefore claims arising out of "new facts or events" since the time of his Amended Complaint.

Defendants further argue that Deripaska's motion for leave with respect to Counts III and IV should likewise be denied because it would be "inefficient" for this Court to hear claims "regarding an ongoing agency process without the necessary facts before the Court." Def.'s Opp. at 3. According to Defendants, Deripaska's proposed supplemental pleading "specious[ly] charges that OFAC "has not and will not act on his delisting petition," but "just this past week, . . . OFAC sent a questionnaire to Deripaska seeking additional information relating to his potential operations in the energy sector of the Russian economy." *Id.*

What Defendants omit from their discussion, however, is that OFAC's November 13 questionnaire was submitted almost simultaneously with notice from Defendants' that they intended to oppose Deripaska's motion for leave to file a supplemental pleading.[2] It would not be too presumptive to believe that OFAC sent the questionnaire, not to facilitate its review of Deripaska's delisting petition, but rather as an attempt to create new facts relevant to this very motion in order to evade the Court's review. This belief is afforded further support by the fact that Defendants refused to communicate their position with respect to the motion prior to its filing as contemplated by LCvR 7(m). As noted in Deripaska's motion, Defendants determined not to take

---

[2] OFAC sent Deripaska the questionnaire at issue on November 13, 2019 at 2:25pm. Defendants' counsel informed Deripaska that they intended to oppose the motion on November 13, 2019 at 4:28pm.

a position with respect to the motion until they had reviewed the motion and supplemental pleading, and that upon doing so, they would notice the Court of their position "in short order." Pls. Mot. at 1-2. Defendants, however, did not notice the Court as to their position with respect to the motion in short order. Rather, they chose to issue a questionnaire to Deripaska ten days after the motion was filed, noted their opposition to the motion mere hours after issuing that questionnaire, and then waited the full 14-day period before filing an opposition to the motion to argue to the Court that Deripaska's motion is moot and meritless. These dilatory tactics are exemplary of Defendants' attempts to prolong Deripaska's designation and evade judicial review of their actions, and they further provide support for Deripaska's allegations that Defendants have no intent to seriously consider his delisting petition.

Furthermore, Defendants elide the fact that OFAC's questionnaire post-dates the proposed supplemental pleading—meaning that the questionnaire does not negate the facts alleged or the relief requested in the pleading. Deripaska has requested leave to file a supplemental pleading that contains allegations regarding Defendants' conduct and sets forth legal claims arising from those allegations. OFAC's questionnaire has no bearing on, and does not disrupt, the Court's consideration of these claims and whether to grant the requested relief. Moreover, Count III of the proposed supplemental pleading alleges that Defendants failed to render a timely "decision" on Deripaska's delisting petition—not that Defendants failed to issue a "questionnaire" with respect to OFAC's purported consideration of Deripaska's delisting petition.

Curiously, Defendants argue that Deripaska faces no prejudice from denial of his motion as he could always challenge a future denial of his delisting petition in separate litigation or bring an unreasonable delay claim if OFAC fails to act on his delisting petition. Def.'s Opp. at 3. Yet, that is precisely what the proposed supplemental pleading does, and Defendants provide no reason

why Deripaska must continue to wait in vain for a decision from OFAC before being able to bring suit challenging Defendants' action. The supplemental pleading specifically alleges that Defendants have acted with unreasonable delay in failing to render a decision on Deripaska's delisting petition and have violated his constitutional due process rights by failing to grant him a hearing in which he can meaningfully contest his E.O. 13662 designation. *See* Pl.'s Proposed Supplemental Pleading ¶ 75-81. If Defendants believe that Deripaska's proposed claims are without merit, then it can file a dispositive motion to that effect in response to the supplemental pleading, as is their right. But for the Court to deny Deripaska's motion for leave on the basis urged by Defendants would be to substitute its own judgment as to what should be Deripaska's litigation strategy for that of Deripaska himself. This would be all the more inappropriate considering the substantial prejudice faced by Deripaska from denial of the motion, as Deripaska is the subject of punishing economic sanctions imposed by OFAC and will remain so until the relief requested in this litigation—including the supplemental pleading—is granted or until OFAC rescinds his designation.

For the reasons set forth above, as well as those established in the motion, Deripaska respectfully requests that his motion for leave to file a supplemental pleading be granted.

Dated: November 26, 2019

Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
FERRARI & ASSOCIATES, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370

Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*ATTORNEY FOR PLAINTIFF*
*OLEG DERIPASKA*