## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| OLEG DERIPASKA ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action No. 19-0727 (APM) |
| v. ) | |
| ) | |
| STEVEN T. MNUCHIN, *et al.* ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |

### PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiff Oleg Deripaska respectfully moves this Court to order Defendants, the United States Department of the Treasury and its Secretary, Steven T. Mnuchin, and the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, to supplement the administrative record with certain documents and/or records considered by, or otherwise before or in the possession of, Defendants when designating Deripaska pursuant to Executive Order ("E.O.") 13661 and E.O. 13662 and/or when undertaking its denial of Deripaska's E.O. 13662 delisting petition.

Defendants have provided Deripaska with the unclassified evidentiary memoranda and their related exhibits with respect to its decision to designate Deripaska under E.O. 13661 and E.O. 13662 and its decision to deny Deripaska's E.O. 13662 delisting petition. These memoranda—which recommend the actions challenged in this litigation and are thus designed to provide the factual and legal basis for OFAC's actions—comprise the entire sum of the administrative record compiled and certified by Defendants for purposes of this litigation. According to Defendants, OFAC did not have before it any documents or materials when rendering its decision to designate

Deripaska under E.O. 13661 and E.O. 13662 and to deny Deripaska's E.O. 13662 delisting petition other than the evidentiary memoranda underlying each of these actions and their attached exhibits. *See* Certification of Admin. R., ECF No. 28-1 (certifying that "the attached index constitute a true, correct, and complete copy of the non-privileged documents that were directly or indirectly considered in connection with OFAC's decision to designate [Deripaska] . . ., as well as OFAC's decision to deny his petition seeking delisting under [E.O.] 13662."). Plainly, an administrative record limited to the evidentiary memoranda used to support OFAC's challenged actions defies logic and, if true, would signal deficiencies with OFAC's fact-finding procedures.

Indeed, it is clear that certain documents and/or records—including documents and records cited or alluded to by Defendants during briefing of the pending dispositive motions—are absent from this certified administrative record. Their absence evidences Defendants' failure "to include 'all documents and materials that [OFAC] directly or indirectly considered,'" *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4-5 (D.D.C. 2006) (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006)), as well as documents and materials "that might have influenced the agency's decision[.]" *Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (citation omitted).

These excluded documents include, for instance, documents or materials underlying OFAC's decision to designate Viktor Vekselberg and/or Renova Group under E.O. 13662 for involvement in power generation activities in the Russian economy and documents and materials related to the implementation of the Terms of Removal Agreement entered into between OFAC and En+ Group plc, UC RUSAL plc, and JSC EuroSibEnergo. The exclusion of these documents and materials from the certified administrative record constitutes clear error for which the remedy is supplementation.

Defendants have made factual representations regarding the basis for their actions that lack support in the certified administrative record. *See, e.g.*, Defs. Consolidated Reply in Supp. of Mot. to Dismiss, or In the Alternative, for Summ. J. and Opp. to Pl.'s Cross-Mot. for Summ. J. at 9 (reiterating that "OFAC has designated at least one other individual for operating in the energy sector of the Russian Federation economy for power generation activities."). Because Defendants have relied on these factual representations during summary judgment briefing to argue in favor of the Court sustaining the challenged actions, Deripaska seeks supplementation of the administrative record. Deripaska does so solely for purposes of ensuring the Court is able to fully perform its duties of "test[ing] the agency action against the administrative record." LCvR 7(h).

In support of this motion, Deripaska relies upon the attached memorandum of points and authorities. A proposed order is also attached. In accordance with Local Rule 7(m), Deripaska has conferred with Defendants' counsel in this matter who has indicated that Defendants oppose this motion.

July 30, 2020                                      Respectfully submitted,

                                                  /s/ Erich C. Ferrari
                                                  Erich C. Ferrari, Esq.
                                                  FERRARI & ASSOCIATES, P.C.
                                                  1455 Pennsylvania Avenue, NW
                                                  Suite 400
                                                  Washington, D.C. 20004
                                                  Telephone: (202) 280-6370
                                                  Fax: (877) 448-4885
                                                  Email: ferrari@falawpc.com
                                                  D.C. Bar No. 978253

                                                  Attorney for Plaintiff
                                                  *Oleg Deripaska*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|   |   |
|---|---|
| OLEG DERIPASKA | ) |
|  | ) |
| *Plaintiff*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| STEVEN T. MNUCHIN, *et al.* | ) |
|  | ) |
| *Defendants*. | ) |

Civil Action No. 19-0727 (APM)

_____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

**TABLE OF CONTENTS**

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

          A.     Deripaska's Designations by OFAC . . . . . . . . . . . . . . . . . . . . . . . . . . 1

          B.     Terms of Removal Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          C.     OFAC's Disclosure of the Administrative Record . . . . . . . . . . . . . . . . . 3

          D.     Deripaska's Delisting Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          E.     Deripaska's Second Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.     Supplementation of the Administrative Record is Appropriate Where an Agency Fails to Include Documents Considered by It or Excluded Relevant Information in Its Possession at the Time of Its Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    II.    Defendants Failed to Include Documents in the Administrative Record That OFAC Considered When Denying Deripaska's Delisting Petition with Respect to His E.O. 13662 Designation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          A.     December 19, 2018 Terms of Removal Agreement Implementation Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          B.     Vekselberg and/or Renova Group Evidentiary Memorandum . . . . . . . . 12

    III.   Defendants Excluded Relevant Information from the Administrative Record That Was in Its Possession When Designating Deripaska Under E.O 13661 and E.O. 13662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    IV.   Defendants Excluded Relevant Information from the Administrative Record That Was in Its Possession When Denying Deripaska's Delisting Petition . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

**CASES**                                                                         **PAGE(S)**

*Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7 (D.D.C. 2001) ........6, 8, 13, 16

*Bar MK Ranches v. Yuetter*, 994 F.2d 735 (10th Cir. 1993).............................................. 8, 13, 15

*Califano v. Sanders*, 430 U.S. 99 (1977) ..................................................................... 6

*Carlton v. Babbitt*, 26 F. Supp. 2d 102 (D.D.C. 1998) ................................................. 7

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)................................. 6

*Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 3d 17 (D.D.C. 2002) ........................... 7

*Fund for Animals v. Williams*, 391 F. Supp. 2d 191 (D.D.C. 2005)................................. 7

*Fund v. Vilsack*, 110 F. Supp. 3d 157 (D.D.C. 2015) ..................................................... 8

*Holy Land Found. for Relief and Dev. v. Ashcroft*,

    219 F. Supp. 2d 57 (D.D.C. 2002) ..................................................................... 7

*James Madison Ltd. v. Ludwig*, 82 F.3d 1085 (D.C. Cir. 1996)................................. 7

*Marcum v. Salazar*, 751 F. Supp. 2d 74 (D.D.C. 2010) ................................................. 8

*Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188 (D.D.C. 2006)....................................... 6, 7, 13, 16

*Nation v. Zinke*, 302 F. Supp. 3d 352 (D.D.C. 2018) ..................................................... 6

*Nat'l Mining Ass'n v. Jackson*, 856 F. Supp. 2d 150 (D.D.C. 2012)............................... 8

*Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*,

    448 F. Supp. 2d 1 (D.D.C. 2006) ..................................................................... 6, 7, 9, 11

*Stainback v. Sec. of Navy*, 520 F. Supp. 3d 181 (D.D.C. 2007)....................................... 7

*WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1 (D.D.C. 2009) ................................. 8

**STATUTES**

5 U.S.C. § 706.............................................................................................5, 6

22 U.S.C. § 8924(b) ..................................................................................... 2

**REGULATIONS**

31 C.F.R. § 589.201 ..............................................................................................................1, 2

31 C.F.R. § 589.406 ............................................................................................................... 1

**OTHER AUTHORITIES**

Executive Order 13661 ........................................................................................................... 1

Executive Order 13662 ........................................................................................................... 1

## BACKGROUND

I.     **Statement of Facts**

A.     *Deripaska's Designations by OFAC*

On April 6, 2018, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") designated Oleg Deripaska pursuant to Executive Order ("E.O.") 13661 and E.O. 13662. Admin. R. ("AR") 0413-0420. Deripaska was designated under E.O. 13661 for "having acted or purported to act for or on behalf of, directly or indirectly, a senior official of the Government of the Russian Federation," and was designated under E.O. 13662 for "operating in the energy sector of the Russian Federation economy." *Id*. The basis for the former designation is predicated on a series of baseless accusations, including, *inter alia*, that Deripaska "was reportedly identified as one of the individuals holding assets and laundering funds on behalf of Russian President Vladimir Putin;" a spurious charge considering that OFAC fails to identify any legal charges or investigations occurring anywhere in the world regarding these alleged activities, nor what purportedly illicit conduct derived the funds involved in this fictitious laundering.

OFAC issued a press release announcing the designations, which stated that the action was taken "in response to [Russia's] worldwide malign activity" and to ensure that "Russian oligarchs and elites who profit from [Russia's] corrupt system will no longer be insulated from the consequences of their government's destabilizing activities." *Id*. As a result, Deripaska's property and interests in property within U.S. jurisdiction are blocked. Exec. Order 13661, § 1(a); Exec. Order 13662, § 1(a); 31 C.F.R. § 589.201. Entities in which Deripaska maintains a 50 percent or greater ownership interest are similarly blocked. 31 C.F.R. § 589.406. U.S. persons are also generally prohibited from transacting or dealing with Deripaska or entities in which Deripaska owns a 50 percent or greater interest. Exec. Order 13661, § 1(a); Exec. Order 13662, § 1(a); 31

C.F.R. § 589.201. In addition, non-U.S. persons may be sanctioned for knowingly facilitating transactions for or on behalf of Deripaska or companies subject to blocking due to Deripaska's ownership or control. *See* 22 U.S.C. § 8924(b); AR 0413-0420.

### B.     Terms of Removal Agreement

Several companies were designated under E.O. 13661 and E.O. 13662 for being owned or controlled by Deripaska, including, for purposes relevant herein, En+ Group PLC ("En+"), UC RUSAL plc ("Rusal"), and JSC EuroSibEnergo ("ESE"). AR 0413-0420. On December 19, 2018, En+, Rusal, and ESE entered into a Terms of Removal Agreement ("TOR") with OFAC under which the parties would be delisted from OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List") provided that they adhere to certain conditions that would significantly reduce Deripaska's ownership over, and severe his control with respect to, the companies. AR 0211-0220. These conditions included extensive reporting requirements from En+ and ESE regarding their implementation of, and adherence to, the TOR. *Id*.

Under the TOR, En+ was obligated to "enter into a deed letter approved by OFAC that adequately reflects the terms of [the TOR] and commitments by Deripaska needed for delisting of [En+ and ESE]." AR 0214. This deed letter contained explicit agreement by Deripaska "not to act in any manner or to enter into any arrangement . . . that directly or indirectly provides Deripaska with the ability to exercise a controlling influence over the management or policies of En+ or any entity owned or controlled by En+, including Rusal and ESE." *Id*. When Deripaska entered into this deed letter, it was with the understanding that his E.O. 13662 designation would be rescinded, as his purported operation in Russia's energy sector was only by virtue of En+ and ESE's activities.

### C.       OFAC's Disclosure of the Administrative Record

On March 15, 2019, Deripaska filed a lawsuit challenging his designations under E.O. 13661 and E.O. 13662. Compl., ¶ 1, ECF No. 1. In response to this lawsuit, Defendants provided Deripaska with an unclassified version of the administrative record compiled in support of its designation actions. This record was comprised of the evidentiary memorandum underlying Deripaska's E.O. 13661 and E.O. 13662 designations, as well as the exhibits attached to that memorandum. The evidentiary memorandum is a document recommending Deripaska's designations and setting forth the factual and legal basis for OFAC's determination that Deripaska meets the criteria for designation under E.O. 13661 and E.O. 13662. Therefore, the evidentiary memorandum consists of the evidence supporting OFAC's determination. The disclosed record did not include any materials besides the evidentiary memorandum and its related exhibits.

### D.       Deripaska's Delisting Petition

Following OFAC's provision of the unclassified administrative record, Deripaska amended his complaint to challenge OFAC's decision to designate him under E.O. 13661; OFAC's failure to provide adequate notice of the reasons for the designation; and the Secretary of the Treasury's identification of Deripaska in the Countering America's Adversaries Through Sanctions Act ("CAATSA") Section 241 List and the failure to provide notice or a hearing with respect to his inclusion therein. Am. Compl., ¶¶ 62-70, 71-83, ECF No. 7. Following the filing of the Amended Complaint, Deripaska pursued the administrative reconsideration of his E.O. 13662 designation pursuant to OFAC's delisting procedures. AR 0190-0205. The delisting petition argued, *inter alia*, that Deripaska did not meet E.O. 13662's designation criteria and, alternatively, that there had been a change in circumstances negating the basis of the designation. *Id.*

On March 6, 2020, OFAC denied Deripaska's E.O. 13662 delisting petition. SAC, Exhibit D. In doing so, OFAC stated that it "ha[d] determined that [Deripaska] ha[s] not put forth arguments or evidence establishing that an insufficient basis exists for [his designation] or that the circumstances resulting in the designation are no longer applicable." *Id*.

OFAC disclosed an unclassified version of the administrative record underlying its denial decision, which consisted of the unclassified evidentiary memorandum recommending the denial of Deripaska's delisting petition and the exhibits attached to that memorandum. AR 0158-0169. These exhibits included all of Deripaska's filings to the agency with respect to his delisting request.

In its evidentiary memorandum, OFAC stated that it had considered Deripaska's arguments but "[found] them unpersuasive" for a number of reasons—the following of which are relevant to this motion:

- OFAC considers the term "energy sector" as used in E.O. 13662 to include power generation, as (1) the term "energy sector" was not specifically defined in E.O. 13662 or by the Secretary of the Treasury; (2) OFAC has never before limited its interpretation of the term "energy sector" in the Russia/Ukraine context and "has designated at least one other individual for operating in the energy sector of the Russian Federation economy for power generation activities;" and (3) each OFAC sanctions program is different such that an interpretation in one program is not determinative of an interpretation in the Russia/Ukraine context. AR 0161-0162.

- OFAC considers that—despite changes to Deripaska's level of ownership in ESE and En+—Deripaska "still owns a sufficiently significant stake such that

4

circumstances have not sufficiently changed to warrant removal." According to OFAC, "Deripaska's continued ownership interest in En+ and ESE is evidence of his continued operation in the energy sector of the Russian Federation economy." AR 0163.

- Deripaska "continues to operate in the energy sector of the Russian Federation economy through his ownership stakes of ESE and En+," as Deripaska "owns a 44.95 percent of En+, votes 35 percent of En+ shares, and appoints four out of 12 board members to the En+ board of directors." AR 0163-0164. ESE and En+ are entities that operate in the energy sector of Russia's economy.

### E.    Deripaska's Second Amended Complaint

On April 16, 2020, Deripaska filed a second amended complaint. Second Am. Compl. ("SAC"), ECF No. 26. The Second Amended Complaint challenged, *inter alia*, OFAC's decision to designate Deripaska under E.O. 13661, claiming that this decision constituted arbitrary and capricious agency action as well as agency action in excess of statutory jurisdiction in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. SAC ¶ 126-137. Deripaska's Second Amended Complaint also challenged OFAC's decision to designate Deripaska under E.O. 13662 and its decision to deny Deripaska's delisting request. SAC ¶¶ 138-152. Specifically, the Second Amended Complaint claimed that OFAC's designation or Deripaska under E.O. 13662 constituted agency action in excess of statutory jurisdiction in violation of the APA and that this decision—as well as OFAC's denial of Deripaska's delisting petition—constituted arbitrary and capricious agency action in violation of the APA. SAC ¶ 138-152.

In response to the Second Amended Complaint, Defendants certified the administrative record on May 15, 2020 as required under the Local Rules. Notice of Filing of Certification and

Index of Admin. R., ECF No. 28. According to Defendants, "[t]he Administrative Record consists of materials compiled by the Defendants in support the [sic] agency actions challenged in this case by Plaintiff." *Id*. Defendants certified that "the documents described in the attached index constitute a true, correct, and complete copy of the non-privileged documents that were directly or indirectly considered in connection with OFAC's decision to designate [Deripaska] under [E.O.] 13661, as well as OFAC's decision to deny his petition seeking delisting under [E.O.] 13662." Certification of Admin. R., ECF No. 28-1.

## ARGUMENT

I.   **SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD IS APPROPRIATE WHERE AN AGENCY FAILS TO INCLUDE DOCUMENTS CONSIDERED BY IT OR EXCLUDED RELEVANT INFORMATION IN ITS POSSESSION AT THE TIME OF ITS DECISION**

The APA "directs the Court to 'review the whole record or those parts of it cited by a party.'" *Nation v. Zinke*, 302 F. Supp. 3d 352, 357 (D.D.C. 2018) (quoting 5 U.S.C. § 706). Consistent with this mandate, the Court is tasked with reviewing "the full administrative record that was before the [agency] at the time that [it] made [its] decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

In the D.C. Circuit, courts have defined the whole or full administrative record "to include 'all documents and materials that the agency directly or indirectly considered,'" *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4-5 (D.D.C. 2006) (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006)), as well as those documents and materials "that might have influenced the agency's decision[.]" *Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (citation omitted) (noting that a complete administrative record is not limited to those documents and materials "on which

the agency relied in its final decision."). By ensuring that it has "before it neither more nor less information than did the agency when it made its decision," a reviewing court is able to undertake "fair review of an agency decision." *Pac. Shores Subdivision, Cal. Water Dist.*, 448 F. Supp. 2d at 5 (quoting *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 196 (D.D.C. 2005)); *see also Stainback v. Sec. of Navy*, 520 F. Supp. 3d 181, 185 (D.D.C. 2007) (noting that "[a]llowing administrative agencies to preclude judicial access to materials relied upon in taking whatever action is then being subject to judicial scrutiny would make a mockery of judicial review.").

Agencies are also not entitled to "skew the record in its favor by excluding pertinent but unfavorable information from the administrative record," nor may agencies exclude information "on the grounds that it did not 'rely' on the excluded information" when making its decision. *Maritel, Inc.*, 422 F. Supp. 2d at 196 (citations omitted). Instead, a properly designated administrative record should "include[] evidence contrary to the agency's position," provided that such evidence was, in fact, before the agency. *Holy Land Found. for Relief and Dev. v. Ashcroft*, 219 F. Supp. 2d 57, 65 (D.D.C. 2002) (citations omitted).

For these reasons, the D.C. Circuit has mandated that agencies collect all materials that were before the agency when it reached its decision. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996); *see also Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 3d 17, 20 (D.D.C. 2002). It is true that agencies are entitled to a "strong presumption of regularity[] that it properly designated the administrative record" and that "[s]upplementation of the administrative record is the exception, not the rule." *Pac. Shores Subdivision, Cal. Water Dist.*, 448 F. Supp. 2d at 5. Nevertheless, this presumption can be overcome by a party setting forth "clear evidence" that the administrative record has not been properly designated. *Maritel, Inc.*, 422 F. Supp. 2d at 196; *see also Carlton v. Babbitt*, 26 F. Supp. 2d 102, 107 (D.D.C. 1998) (finding that an article on

which the agency relied in making its finding should be part of the administrative record). Moreover, the presumption may be overcome by a party "provid[ing] good reason to believe that discovery will . . . find material in the agency's possession indicative of bad faith or an incomplete record." *Amfac Resorts, L.L.C.*, 143 F. Supp. 2d at 12 (holding that "a party must make a significant showing . . . that it will find material in the agency's possession indicative of [] an incomplete record."); *see also Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) ("When a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question.").

Parties seeking to supplement the administrative record can do so "in one of two ways, either by (1) including evidence that should have been properly a part of the administrative record but was excluded by the agency, or (2) adding extrajudicial evidence that was not initially before the agency but the party believes should nonetheless be included in the administrative record.'" *Fund v. Vilsack*, 110 F. Supp. 3d 157, 160 (D.D.C. 2015) (quoting *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 5 n.4 (D.D.C. 2009)). Parties seeking to supplement the record must set forth "concrete evidence that the documents it seeks to 'add' to the record were actually before the decisionmakers." *Nat'l Mining Ass'n v. Jackson*, 856 F. Supp. 2d 150, 156 (D.D.C. 2012) (quoting *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010)). This includes "identify[ing] reasonable, non-speculative grounds for [the] belief that the documents were considered by the agency and not included in the record." *Id*. Provided that the moving party presents evidence showing that an agency failed—whether by intent or by negligence—to include in the record materials that were before it, supplementation is appropriate. *Id*.

## II.   DEFENDANTS FAILED TO INCLUDE DOCUMENTS IN THE ADMINISTRATIVE RECORD THAT OFAC CONSIDERED WHEN DENYING DERIPASKA'S DELISTING PETITION WITH RESPECT TO HIS E.O. 13662 DESIGNATION

Defendants failed to include documents and materials in the administrative record that OFAC considered when rendering its decision to deny Deripaska's E.O. 13662 delisting petition. These include all documents and materials regarding the December 19, 2018 Terms of Removal Agreement entered between OFAC and En+ and ESE and the respective parties' implementation of that agreement, as well as the evidentiary memoranda or any other materials relied upon by OFAC to determine that Viktor Vekselberg is an individual designated under E.O. 13662 for his involvement in power generation activities.

OFAC's failure to include these materials—each of which was considered by OFAC when rendering its denial decision with respect to Deripaska's E.O. 13662 delisting petition—contradicts its clear obligation to "to include 'all documents and materials that the agency directly or indirectly considered'" when undertaking the challenged action. *Pac. Shores Subdivision, Cal. Water Dist.*, 448 F. Supp. 2d at 4-5. This error can only be fairly remedied through supplementation of the administrative record with the missing documents and materials.

### A.   *December 19, 2018 Terms of Removal Agreement Implementation Records*

In his E.O. 13662 delisting petition, Deripaska argued that—due to the December 19, 2018 Terms of Removal Agreement entered between OFAC and En+, ESE, and UC RUSAL plc—there had been a change in circumstances negating the basis for his designation. *See, e.g.*, AR 0201-0202. This is because Deripaska was determined to operate in Russia's energy sector by virtue of his interests in En+ and ESE.

According to OFAC, however, "DERIPASKA's continued ownership interest in En+ and ESE [constitutes] evidence of his continued operation in the energy sector of the Russian

Federation economy." AR 0163. In reaching this conclusion, OFAC solely reviewed the arguments and evidence submitted by Deripaska, as well as those related exhibits attached to Deripaska's submissions to the agency. Based on the certified administrative record, OFAC did not review documents and materials that are clearly in its possession regarding En+ and ESE's continued independence from Deripaska's control or the circumscribed manner in which Deripaska is able to harness any remaining ownership interests. OFAC's failure to include those documents and materials—which are in its possession and were directly or indirectly considered by the agency when rendering its denial decision—contravenes its obligations to provide the full and complete administrative record to the Court.

The plain text of the TOR indicates that OFAC has received documents and information from the respective parties to the agreement regarding their compliance with its terms, including terms relating to Deripaska's involvement with the entities. For instance, Section B.1 of the TOR requires the General Director of ESE to "provide OFAC monthly certifications that he or she is not acting for or on behalf of Deripaska or any other [SDN] and that control over the actions, policies, and personnel decisions of ESE rests with the General Director of ESE and En+." AR 0216. These monthly certifications—which have been provided since December 2018—are not included in the administrative record compiled by OFAC, despite their obvious relevance to the question of Deripaska's interest in, and involvement with, ESE. Indeed, ESE's certifications could be valuable to the Court when assessing whether OFAC's finding that Deripaska's remaining passive ownership stake in En+ provides adequate grounds to determine that he operates in the energy sector of the Russian Federation economy is arbitrary and capricious. Even if OFAC did not consider such documents and materials—which is unlikely given their obvious relevance to adjudicating Deripaska's delisting petition—those documents and materials were clearly in the

agency's possession at the time that it rendered its denial decision and should necessarily comprise part of the administrative record.

Furthermore, pursuant to the TOR, OFAC has also received monthly certifications from En+: (1) quarterly reports from En+ regarding the entity's operations; (2) board minutes from En+; notifications from En+ as to any prospective changes in the composition of the Barker Plan Directors of En+, the identity of independent third party assigned voting rights, the ownership of shares for which the TOR provides for voting rights assignment, and the constituent documents of En+; and (3) En+'s responses to requests for information from OFAC regarding En+'s full compliance with the terms of the TOR. AR 0215. These materials have obvious bearing on the question of whether OFAC could reasonably find that Deripaska's remaining interests in En+ constitute his operation in Russia's energy sector. In addition, all of these materials were either directly or indirectly considered by OFAC when rendering its denial decision or were in the agency's possession and that of its decisionmakers.

OFAC's failure to include these documents and materials evidences its failure to provide the Court with the full administrative record underlying its decision to deny Deripaska's E.O. 13662 delisting request. To ensure "fair review of [OFAC's] decision," this Court must ensure that it has "before it neither more nor less information than did the agency when it made its decision." *Pac. Shores Subdivision, Cal. Water Dist.*, 448 F. Supp. 2d at 5. By failing to include these documents, OFAC has improperly designated the administrative record and limited the information available to the Court to assess the permissibility of the agency's challenged action.

B.       *Vekselberg and/or Renova Group Evidentiary Memorandum*

In rendering its decision to deny Deripaska's E.O. 13662 delisting petition, OFAC stated that the agency "has never limited its interpretation of the term 'energy sector' in the Russia/Ukraine context." AR 0162. In making this claim, OFAC asserts that "OFAC has designated at least one other individual for operating in the energy sector of the Russian Federation economy for power generation activities." *Id*. OFAC identifies this individual as "Viktor Vekselberg," "the founder and Chairman of the Board of Directors of the Renova Group," who was also designated on April 6, 2018 "for operating in the energy sector of the Russian Federation economy pursuant to E.O. 13662." *Id*. OFAC cites to two exhibits in support of this contention: the Federal Register notice identifying Vekselberg's designation and OFAC's April 6, 2018 press release announcing that designation. AR 0409-0411, 0413-0420.

Neither of these exhibits, however, support OFAC's contention that Vekselberg was designated "for operating in the energy sector of the Russian Federation economy for power generation activities." For this reason, OFAC must necessarily have relied on extra-record materials to support its contention that Vekselberg was designated under E.O. 13662 for his involvement in power generation activities in the Russian economy. These materials are likely to have included the evidentiary memorandum underlying Vekselberg's designation pursuant to E.O. 13662 and its related exhibits. None of these documents or materials are included by OFAC in the administrative record underlying its denial of Deripaska's E.O. 13662 designation.

By making representations to Deripaska and to the Court regarding the factual basis for Vekselberg's designation under E.O. 13662 but failing to include in the administrative record those materials relied upon for such representations, OFAC excluded documents and materials it considered when denying Deripaska's E.O. 13662 delisting petition. By doing so, OFAC clearly

failed to properly designate the administrative record. Absent the inclusion of these documents and materials, the Court will lack a proper basis under which to assess the merits of OFAC's claim regarding Vekselberg's designation and, accordingly, to adjudicate Deripaska's challenge to the denial of his delisting petition.

### III.   DEFENDANTS EXCLUDED RELEVANT INFORMATION FROM THE ADMINISTRATIVE RECORD THAT WAS IN ITS POSSESSION WHEN DESIGNATING DERIPASKA UNDER E.O. 13661 AND E.O. 13662

Defendants have also excluded relevant information from the administrative record that was before OFAC or otherwise within the agency's possession at the time that it designated Deripaska under E.O. 13661 and E.O. 13662. Supplementation of the administrative record compiled and designated by OFAC is appropriate where, *inter alia*, a party sets forth "clear evidence" that the administrative record has not been properly designated. *Maritel, Inc.*, 422 F. Supp. 2d at 196. Likewise, supplementation is appropriate when a party "provid[es] good reason to believe that discovery will . . . find material in the agency's possession indicative of bad faith or an incomplete record." *Amfac Resorts, L.L.C.*, 143 F. Supp. 2d at 12. Indeed, "[w]hen a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question." *Bar MK Ranches*, 994 F.2d at 740. Supplementing the record with material considered by, or otherwise before, an agency is critical to ensuring that the agency does not "skew the record in its favor by excluding pertinent but unfavorable information from the administrative record." *Maritel, Inc.*, 422 F. Supp. 2d at 196.

The administrative record compiled and certified by Defendants solely includes the evidentiary memorandum and its related exhibits underlying OFAC's decision to designate Deripaska pursuant to E.O. 13661 and E.O. 13662. The evidentiary memorandum, however, is a record created by OFAC that recommends the designation of a particular individual or entity and

provides the findings and evidence underlying that recommendation. The evidentiary memorandum does not appear to serve as a compilation of all the documents and materials reviewed or considered by, or otherwise before, the agency and its decision-makers when making the decision to designate an individual or entity. In other words, the evidentiary memorandum is not a substitute for the administrative record as its purpose is entirely distinct from that of an administrative record. Indeed, the evidentiary memorandum serves to recommend a designation and offer support for that recommendation, while a full administrative record serves to compile all the documents and materials directly or indirectly considered by, or otherwise before, the agency when it made the designation.

By conflating the evidentiary memorandum with the administrative record, OFAC has wrongfully circumscribed, and improperly designated, the full or complete administrative record underlying its decision to designate Deripaska under E.O. 13661 and E.O. 13662.[1] For reasons addressed above, the exhibits attached to the evidentiary memorandum do not comprise all of the

---

[1] OFAC appears to be requesting that the Court suspend its belief and accept that OFAC only reviewed materials that supported its ultimate determinations and that any information adverse to those determinations was not in their possession. Considering, however, the false and unsubstantiated nature of OFAC's allegations and the fact that there are a bevy of open-source court documents, media reports, and other material that cast substantial doubt on the allegations relied on by OFAC—including documents from the same legal proceedings from which OFAC sources some of its libelous allegations and judgments and from foreign tribunals that dispute the factual standing of the allegations contained in OFAC's administrative records—there are no reasonable grounds for the Court to accept that OFAC considered, or otherwise had before it, only materials that supported its determination and was otherwise completely oblivious to information adverse to that determination. If that were the case, it would signal that OFAC's fact-finding procedures permit the agency to ignore any documents or materials adverse to a decision that was OFAC had predetermined at the outset of its investigation. This would be inappropriate and, if permitted, would seriously undermine the courts' ability to fairly review the actions in this case and in the future, as OFAC could selectively ignore any information that came into its possession during a sanctions investigation under the pretext that it was not considered.

documents and materials reviewed or considered by the agency, directly or indirectly, when undertaking its designation or denial action.

As the relevant case law indicates, "limited discovery is appropriate . . . [w]hen a showing is made that the record may not be complete . . ." *Bar MK Ranches*, 994 F.2d at 740. Here, OFAC compiled and designated its evidentiary memorandum and the attached exhibits as comprising the full or complete administrative record underlying the challenged action. For the reasons stated above, however, it is clear that the evidentiary memorandum and its related exhibits cannot reasonably be deemed to comprise the sum of the documents and materials reviewed or considered by, or otherwise before, OFAC when it designated Deripaska under E.O. 13661 and E.O. 13662. Accordingly, supplementation is appropriate, even if it requires the Court to mandate discovery of additional documents and materials considered by, or otherwise before, the agency at the time of the challenged action.

## IV.  DEFENDANTS EXCLUDED RELEVANT INFORMATION FROM THE ADMINISTRATIVE RECORD THAT WAS IN ITS POSSESSION WHEN DENYING DERIPASKA'S E.O. 13662 DELISTING PETITION

For similar reasons to those described above, Defendants have also excluded relevant information from the administrative record that was before OFAC or otherwise within the agency's possession when it denied Deripaska's E.O. 13662 delisting petition. *See supra* 15-16. The administrative record compiled and certified by Defendants is exclusively comprised of OFAC's evidentiary memorandum and its related exhibits underlying the agency's decision to deny Deripaska's E.O. 13662 delisting petition. This evidentiary memorandum, however, was drafted to recommend the denial of Deripaska's E.O. 13662 delisting petition and provide the supporting evidence and allegations in favor of that recommendation. There is no indication that OFAC's evidentiary memorandum is intended to include all documents and materials considered by, or

15

otherwise before, the agency, including documents and materials adverse to the agency's ultimate decision. For this reason, the evidentiary memorandum and its attached exhibits cannot reasonably serve as a substitute for the full and complete administrative record before the agency at the time of its denial decision.

Moreover, it is clear that OFAC had documents and materials before it or otherwise in its possession that were not included in the administrative record certified to this Court. This includes all documents and materials relating to the implementation of the TOR and those documents and materials identifying the basis for OFAC's finding that Vekselberg was designated under E.O. 13662 for his involvement in power generation activities. These documents—which were directly relevant to OFAC's consideration of Deripaska's delisting petition and are necessary for this Court's adjudication of the challenged action—were not included by OFAC in the certified administrative record. The exclusion of these documents is "clear evidence" that the record has not been properly designated, *Maritel, Inc.*, 422 F. Supp. 2d at 196, and "provid[es] good reason to believe that discovery will . . . find material in the agency's possession indicative of bad faith or an incomplete record." *Amfac Resorts, L.L.C.*, 143 F. Supp. 2d at 12. For this reason, supplementation is appropriate and, in conjunction or in the alternative, limited discovery is warranted.

## CONCLUSION

For the foregoing reasons, Deripaska respectfully requests that the Court grant Deripaska's motion to supplement the administrative record and require Defendants to produce the documents requested herein, as well as any other relevant documents and information excluded from the administrative record.

Dated: July 30, 2020                                        Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
FERRARI & ASSOCIATES, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

OLEG DERIPASKA                                 )
                                               )
                                               )
                           *Plaintiff*,        )
                                               )        Civil Action No. 19-0727 (APM)
              v.                               )
                                               )
STEVEN T. MNUCHIN, *et al.*                    )
                                               )
                           *Defendants*.       )
_____)

## **[PROPOSED] ORDER**

Upon due consideration of Plaintiff's Motion to Supplement the Administrative Record, and any opposition and replies thereto, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that Defendants supplement the administrative record with the following documents and materials:

- All documents and materials considered by, or otherwise before, Defendants when the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") designated Oleg Deripaska under Executive Order ("E.O.") 13661 and E.O. 13662 on April 6, 2018. These documents and materials should include all documents and materials considered by, or otherwise before, OFAC when it determined that Deripaska met the criteria for designation under E.O. 13661 and E.O. 13662 and should not be limited to supporting documents or materials with respect to that determination;

- All documents and materials considered by, or otherwise before, Defendants when OFAC denied Deripaska's delisting petition with respect to his E.O. 13662 designation. This should include all documents and materials considered by, or otherwise before,

OFAC when it determined that Deripaska continued to meet the criteria for designation under E.O. 13662 and that his delisting petition should be denied and should not be limited to supporting documents or materials with respect to that decision;

- The evidentiary memorandum underlying OFAC's decision to designate Viktor Vekselberg and/or Renova Group under E.O. 13662 or any documents and materials related to the reasons for those designations, as OFAC claims it considered the basis of Vekselberg's for operating in Russia's "energy sector" when it denied Deripaska's delisting petition seeking a rescission of his E.O. 13662 designation; and

- All documents and materials related to the implementation of the Terms of Removal Agreement, dated December 19, 2018, entered between OFAC and En+ Group plc, UC RUSAL plc, and JSC EuroSibEnergo. This includes all reports provided by the respective parties to the agreement to OFAC with respect to their implementation of the Terms of Removal Agreement; and any internal assessments by OFAC with respect to the parties' implementation of the Terms of Removal Agreement.

**SO ORDERED.**

Date: _____, 2020         _____
                                             HON. AMIT P. MEHTA
                                             United States District Judge